Daly, Ch. J.
The assignee having paid to his counsel, Nelson Smith, Esq., $500 out of the funds of the estate, for fees and charges upon the accounting of the assignee; and the court at special term, in its final order or decree, having disallowed $250-of that sum; and upon appeal by the assignee, at general temí, having reversed the said order in that respect, and allowed theassignee to make proof, by affidavits, of the reasonableness of such payment to his counsel, the question now comes before me on such proof and the opposing affidavits of the creditor, Cortland ¡B. Littell, who objected to such payment.
It appears that the counsel was retained by the assignee, during proceedings for an accounting, pending before James R. Steers,. *641 Jr., referee, to resist an attempt by the said creditor to surcharge the assignee’s account with the sum of $2,583.70, and interest thereon, amounting altogether to $3,183.70, which, it was claimed, the assignee neglected to sue for and recover as statutory penalties from the Importers & Traders’ National Bank, for alleged usury paid to the bank by the assignors. IT. S. R. S., §§ 5197, 5198. _ .(
_ The facts concerning the alleged usury were practically undisputed, and were mainly established by a list or account of discounts submitted in evidence. And the question to be determined by the referee was one of law, and required the discussion :
I. As to whether there were any payments of usury to the bank within the statute; the proofs being of discount at a greater rate than the legal interest, and there being no proof that the notes discounted were subsequently paid by the makers; and
IL As to whether the cause of action for the recovery of the statutory penalties was assignable and passed to the assignee.
The matter was heard by the referee; counsel attended before him on three occasions, at one of which testimony was taken; there were consultations between the counsel and the assignee, and much time spent in the examination of the law and the preparation of a brief; the referee found in favor of the assignee, and reported against the claim made by the creditor; exceptions having been filed to the report, they were argued by counsel at the special term, and the report was confirmed. It is for these services that the assignee paid his counsel $500.
The court, in making the final decree upon the accounting, considered $250 a reasonable compensation; and I am now to determine (under the order of the general term) whether the payment of a greater sum was reasonable.
The amount involved in the dispute was $3,183.70, the sum with which the creditor sought to charge the assignee. If the accounting had been had in an action, instead of a special proceeding under the assignment act, the allowance to the assignee, in addition to his taxable costs, could not have exceeded the amount fixed by the Code, to wit, five per cent upon the sum claimed, or the value of the subject matter involved, Code, § 3253, subd. 2, and this would not have exceeded the amount of $160. Although the assignee, in making a disbursement to his counsel for services in contesting such a claim upon his accounting, may not be restricted to what would be the statutory allowance in the event of an action against him for such a sum, yet the statute furnishes a very reasonable guide in the matter, and the proportion between the amount involved and the compensation claimed by the attorney is an element which should always be considered. It might be that the professional labor required in resisting a claim of $100 would be as great as that demanded in this case, yet a charge of $500 counsel fees would not be allowed for such services. This rule is especially applicable where the estate in the hands of the assignee is small, and would be greatly depleted *642 by the allowance of large counsel fees. The common sense of the legal profession is quite in accordance with this view, for it is stated that one of the learned counsel, who has testified on behalf of the assignee to the value of the legal services under consideration, has subsequently admitted that the amount of the estate is $n important element in fixing the amount to be charged for a specific service, and that this element was not considered by him in making his affidavit; another has stated that if he had been apprised of the fact that the total amount of the assigned estate in the hands of the assignee at the time the services in question were rendered was less than $2,000, his estimate of the value of such services would have been far less than $500, the sum at which he fixed it in his affidavit. The amount of the estate in this case does not exceed $1,420, and it is out of this small estate that the payment of $500 was made.
It appears from the affidavits of counsellors at law, submitted ■on both sides, that there is a wide difference of opinion among the members of the bar to whom the question was submitted as to the value of the services under consideration; four of them -consider such services worth $500 and upwards; one $750, one $500 to $750, one $750 to $1,000, two of them $250, one $225, one $200 and one $180.
Upon the evidence before me, under the circumstances of this case, I am satisfied that a reasonable payment for the services rendered would not be more than the sum of $250, allowed by the court in the final decree in this matter, and the payment by "the assignee of a greater sum, viz., $500, was not reasonable; and .an order may be entered in accordance with this finding.
Daly, Ch. J.
The estate should not be depleted by the allowance of any further sum to the assignee for counsel fees or legal assistance beyond the taxable costs and disbursements already awarded him by the general term. The result of his litigation over the allowance made to him in the final decree is to leave that allowance at the sum at which it was fixed then by the special term. He has his costs and disbursements of the appeal from that portion of the decree, and such taxable costs are ample compensation for the labor involved in the appeal- In the subsequent proceeding he has been unsuccessful in his endeavor to increase his allowance beyond the sum fixed originally by the special term, and the estate ought not to bear the burden of his fruitless litigation. As to the claim now made for legal services up to the time of the entry of the final decree, they were fully paid for by the counsel fee allowed upon the accounting.
An order providing for the resettlement and re-entry of the final decree upon the basis of the disallowance of a- greater sum than $250 for counsel fees, as originally determined by the court, and providing for the payment of the original balance found due, after the deduction of the costs and disbursements of the appeal as taxed at $118.45, should be entered.
Nelson Smith, for assignee, app’lt; James M. Hunt, for Cortland B. Littell, resp’t.
*643 Pee Curiam.
The authority of the assignee to employ counsel on behalf of the assigned estate and his right to be reimbursed for the reasonable counsel fees thus incurred are not disputed, but the refusal of the court at special term to allow the sums asked by the assignee to be credited to him as proper items of disbursements proceeded upon other grounds which are fully stated in the-opinions of the learned chief judge.
These grounds appear to us to be conclusive upon the propriety of the disposition of the matters embraced in the order appealed from, and it should, therefore, be affirmed.
Order affirmed, with costs.
Bischoff and Pryor, JJ., concur.